**Otis Don WOODS, Appellant,**

v.

**The STATE of Texas.**

**No. 2365–01.**

Court of Criminal Appeals of Texas.

June 18, 2003.

Bob Wicoff, Houston, for Appellant.

Donald W. Rogers, Jr., Asst. DA, Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KELLER, P.J., delivered the opinion of the Court in which MEYERS, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

When a plea-bargain defendant's notice of appeal complies with the extra-notice requirements of Rule 25.2,[1] can the defendant raise in his appellate brief an issue not encompassed by the extra-notice allegations? The answer is "no."

### 1. Background

Appellant was prosecuted for attempted sexual assault after he tried to sexually assault two women at a hospital a day after being released from prison. Defense counsel filed motions for a psychiatric examination for competency and sanity. The trial court granted the motions. A psychologist evaluated appellant and determined that he was competent and sane.

Appellant pled guilty to the offense of attempted sexual assault and pled true to enhancement allegations pursuant to a plea bargain. The court sentenced appellant to thirty years imprisonment, in accordance with the plea agreement.[2] That same day, the trial court signed an order finding that appellant was competent.

Appellant filed a pro se general notice of appeal and a motion to withdraw his guilty plea claiming the mental evaluation was incorrect. Appellant was subsequently given court-appointed counsel for appeal. Counsel then filed an amended notice of appeal alleging that the appeal was for jurisdictional defects, challenging the voluntariness of the guilty plea, and challenging the written pre-trial order finding that Woods was competent to stand trial. Appellate counsel filed a brief pursuant to *Anders v. California*[3] and moved to withdraw as counsel. The Court of Appeals examined the record and concluded that an ineffective assistance of counsel claim might be meritorious based on the fact that trial counsel did not file a notice of intention to raise an insanity defense or request appointment of a defense mental health expert.[4] The Court of Appeals then granted the motion to withdraw, abated the appeal, and remanded the case for the appointment of new appellate counsel. When new counsel filed an appellate brief, the State challenged the jurisdiction of the Court of Appeals to hear the appeal.

The new appellate counsel filed a brief claiming ineffective assistance of trial counsel for two reasons: (1) failure to file notice of an insanity defense, and (2) the failure to request appointment of a defense expert. The Court of Appeals reversed the conviction on the second claim. The State now complains that the court of appeals erred in addressing the merits because appellant's notice of appeal did not conform to the extra-notice requirements found in Rule 25.2(b)(3).

### 2. Analysis

At the time of appellant's appeal, Rule 25.2(b)(3) provided:

> But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of

---

1. Unless otherwise indicated, all future references to rules refer to the Texas Rules of Appellate Procedure.

2. As part of the agreement, appellant signed a waiver of appeal, and the State contends that this waiver deprived the Court of Appeals of the ability to reach the merits of appellant's allegations. Given our disposition of the case, we need not address this contention.

3. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

4. *Woods v. State*, 59 S.W.3d 833 (Tex.App.-Texarkana, 2001).

Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice [of appeal] must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

Although we have not previously addressed the issue, several courts of appeals have held that the extra-notice recitations in the notice of appeal must be true and supported by the record.[5] We agree. The plain import of the rule is that appeals from plea-bargain cases are limited to the situations set forth in the rule. Consequently, a court of appeals is not authorized to address points of error that do not fall within one of the categories listed in Rule 25.2(b)(3).

While appellant's amended notice of appeal makes at least one extra-notice allegation, lack of jurisdiction, his brief does not raise a jurisdictional claim. The other two allegations—voluntariness of the plea and appeal of a written pre-trial order finding appellant competent—do not state grounds cognizable under Rule 25.2(b)(3),[6] but even if they did, the ineffective assistance claims alleged in the brief do not fall within either of these categories. We conclude that the

Court of Appeals erred in considering appellant's ineffective assistance allegations.

The judgment of the Court of Appeals is reversed and the case is remanded for proceedings consistent with this opinion.

PRICE and JOHNSON, JJ., concurred in the result.

---

5. *Flores v. State,* 43 S.W.3d 628, 629 (Tex. App.-Houston [1st Dist.] 2001); *Betz v. State,* 36 S.W.3d 227, 228–229 (Tex.App.-Houston[14th Dist.] 2001); *Sherman v. State,* 12 S.W.3d 489 (Tex.App.-Dallas 1999).

6. We have held that plea-bargaining defendants may not appeal the voluntariness of their pleas. *See Cooper v. State,* 45 S.W.3d 77, 77 (Tex.Crim.App.2001). As for the appeal of the trial court's written order finding

appellant competent, the notice does *not* allege that appellant's incompetency was a matter raised by written *motion* and ruled upon before trial. And the record would not substantiate such a recitation: appellant filed written motions for psychiatric examinations and those motions were granted. Whether appellant was actually competent to stand trial was ruled upon by written order but was never advanced in a written motion.