Criminal Case Template




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




CHESTER MILLER,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00405-CR


Appeal from the


168th District Court


of El Paso County, Texas


(TC#20020D03393)


MEMORANDUM OPINION


 Chester Miller pleaded guilty to possession of over four-hundred grams of cocaine. 
 He was sentenced to ten years in prison pursuant to a plea bargain. Thereafter, he filed a
general notice of appeal. In his sole issue on appeal, Miller's court-appointed counsel
argues that the trial court erred by not allowing Miller to represent himself. The State has
filed a motion to dismiss, arguing that we do not have jurisdiction to consider this issue. 
We will grant the motion to dismiss.

 At the time Miller filed his notice of appeal, the Texas Rules of Appellate
Procedure allowed a plea-bargaining defendant to raise only three categories of issues on
appeal: jurisdictional defects, rulings on written pretrial motions, and matters upon which
the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3); Woods v. State,
___ S.W.3d ___, ___, 2003 WL 21398613, at *1-2 (Tex. Crim. App. June 18, 2003). The
defendant was required to specify in the notice of appeal which of these issues he or she
intended to raise on appeal. Tex. R. App. P. 25.2(b)(3).

 Miller's notice of appeal does not comply with Rule 25.2(b)(3), and his issue on
appeal does not fit within any of the categories described in that rule. He argues,
however, that we have jurisdiction over his issue on appeal pursuant to Vidaurri v. State,
49 S.W.3d 880 (Tex. Crim. App. 2001).

 In Vidaurri, the Court of Criminal Appeals held that Rule 25.2(b)(3) does not
apply to issues unrelated to a conviction. See 49 S.W.3d at 884-85. Based on Vidaurri,
courts have exercised jurisdiction over issues arising after a conviction. See, e.g., Kirtley
v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001) (holding court of appeals had
jurisdiction over issue of ineffective assistance of counsel at punishment hearing
following adjudication of guilt). Unlike those issues, Miller's issue regarding the denial
of his right to self-representation is intrinsically related to his conviction. Accordingly,
we do not have jurisdiction to address this issue.


 The State's motion to dismiss is granted, and this appeal is dismissed for want of
jurisdiction. The State's motion to extend time to file its brief is denied as moot.


 SUSAN LARSEN, Justice

July 10, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)