NO. 07-02-0356-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 4, 2003

_____

ESAU ACOSTA RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-99K-099; HON. H. BRYAN POFF, JR., PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant, Esau Acosta Rodriguez, appeals from an order 1) deferring his adjudication of guilt for the crime of attempted sexual assault and 2) placing him on community supervision. Furthermore, his two issues concern the matter of informing him of his right to appeal once the juvenile court waived its jurisdiction over him. Specifically, he contends that 1) the juvenile court erred in not advising him that he had a right to appeal the order waiving jurisdiction, and 2) he received ineffective assistance of counsel

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 1998).

because his attorney failed to advise him of the same right. We dismiss the appeal for want of jurisdiction.

## Background

Appellant was accused of having committed sexual assault at a time when he was 16 years old. After a hearing, the juvenile court waived its jurisdiction over him. Thereafter, the State indicted him for the offense. Pursuant to a plea bargain, appellant pled guilty to the lesser offense of attempted sexual assault. Thereafter, the trial court deferred adjudicating him guilty of the offense and placed him on community supervision for seven years. This was done in accordance with a plea bargain. Finally, appellant's guilt has yet to be adjudicated or his community supervision revoked.

### *Jurisdiction*

Having pled guilty in accordance with a plea agreement and because the trial court's decision conformed to the agreement, appellant's notice of appeal had to conform to the dictates of Rule 25.2 of the Texas Rules of Appellate Procedure, as that rule existed prior to January 1, 2003. Under that rule, appellant was required to state in his notice either that 1) his appeal involved a jurisdictional defect, 2) the substance of his appeal was raised by written motion and ruled on before trial, or 3) the trial court granted him permission to appeal. Furthermore, the recitations must be truthful. *Woods v. State,* No. 2365-01, slip op. at 3, 2003 Tex. Crim. App. Lexis 113 (Tex. Crim. App. June 18, 2003, no pet. h.). For instance, if he avers in his notice of appeal that the issues involve jurisdictional defects, then the issues mentioned in his brief must concern such defects. *Id.*

Via a timely amended notice of appeal filed with this court, appellant simply alleged that "his appeal is for a jurisdictional defect." However, complaint about the effectiveness of his counsel does not implicate jurisdictional matter. *Id.* at 4. Nor is the failure of the juvenile court to admonish him of his right to appeal, assuming such a right existed, of the type that affects the very power of the State to "bring the defendant in court to answer the charge against him." *See Okigbo v. State*, 960 S.W.2d 923, 925 n.1 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd) (stating that "[j]urisdictional defects are defects that go to the very power of the State to bring the defendant in court to answer the charge against him"). Accordingly, appellant failed to satisfy the requirements of Rule of Appellate Procedure 25.2 and we, therefore, dismiss the appeal for lack of jurisdiction. *Jones v. State*, 42 S.W.3d 143, 147 (Tex. App.–Amarillo 2000, no pet.).

Brian Quinn
Justice

Do not publish.