Dismissed and Opinion filed December 9, 2003















Dismissed and
Opinion filed December 9, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-03-00183-CR

_______________

 

TERESA WATERS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________

 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 911,887

_____________________________________________

 

O P I N I O N

 

            Teresa Waters appeals her conviction
for aggravated sexual assault of a child on the ground that the trial court
denied her a fair punishment hearing when it imposed a ten-year sentence
without considering the mitigating punishment evidence she offered.[1]  We dismiss the appeal for lack of
jurisdiction.

 

            In a plea bargain case, i.e., one in which the defendant’s plea
is guilty or nolo contendere
and the punishment does not exceed that recommended by the prosecutor and
agreed to by the defendant, a defendant may appeal only: (a) those matters that
were raised by written motion filed and ruled on before trial; or (b) after
getting the trial court’s permission to appeal. 
Tex. R. App. P. 25.2(a)(2).  A conviction based on an agreement that puts
a “cap” on the punishment for the charged offense is subject to the
restrictions on appeal under Rule 25.2(a)(2).[2]  In addition, a valid waiver of appeal, whether
negotiated or non-negotiated, prevents a defendant from appealing without the
consent of the trial court.  Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

            In this case, appellant’s signed
guilty plea document states, “I waive any right of appeal which I may have
should the court accept the foregoing plea bargain agreement between myself and
the prosecution.”  In addition, both the
guilty plea document and judgment reflect that there was no agreed sentencing
recommendation, but an agreed “cap” of 10 years and dismissal of cause number
91888.  However, on the form for the
trial court’s certification of appellant’s right to appeal:[3] (1) none
of the boxes is checked that reflect a plea-bargain (including the one stating
that the trial court has given permission to appeal) or waiver of appeal; but
instead, (2) the box is checked that indicates this was not a plea-bargain case and that appellant had the right to appeal.

            Despite the trial court’s
certification, we believe the Rule 25.2 requirements recited in a certification
must be true and supported by the record.[4]  In this case, because appellant entered a
plea bargain, she could appeal only: (1) matters raised by written motion filed
and ruled on before trial; or (2) with the trial court’s permission.  See
Tex. R. App. P. 25.2(a)(2).  Moreover, her waiver of appeal further
prevented her from appealing without the consent of the trial court.  See Monreal, 99 S.W.3d at 622.  Because the record (including the trial
court’s certification) does not reflect that she had the trial court’s consent
or permission to appeal, and because her brief indicates that she does not seek
to appeal a matter raised by written motion filed and ruled upon before trial,[5] we
have no jurisdiction over an appeal of her conviction.  Accordingly, her appeal is dismissed.[6]

 

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed December
 9, 2003.

Panel
consists of Justices Edelman, Frost, and Guzman.

Publish — Tex. R. App. P. 47.2(b).

 











[1]           Waters pled guilty to aggravated sexual assault of a
child and was sentenced to ten years confinement.





[2]           Threadgill v. State, ___ S.W.3d ___, ___ (Tex.
App.—Houston [1st Dist.] 2003, no. pet.); see Shankle v. State, ___ S.W.3d ___, ___
(Tex. Crim. App. 2003).





[3]           This certification form is provided in an appendix
to the Texas Rules of Appellate Procedure.





[4]           Cf. Woods v. State, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003) (holding that the former Rule 25.2(b)(3)
extra-notice recitations in a notice of appeal must be true and supported by
the record). 





[5]           See Woods, 108 S.W.3d at 316 (holding
that appeals court had no jurisdiction over matters raised in appellant’s brief
that were outside the scope of appeal set forth by Rule 25.2).





[6]           If we instead remanded the case for recertification,
it is possible that the trial court would grant appellant permission to
appeal.  However, because the record
reflects that appellant made no objection in the trial court to the sentence
imposed, the issue raised in her brief was not preserved for appellate
review.  See, e.g., Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). 
Therefore, no useful purpose would be served in remanding the case for
recertification.