COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 CRYSTAL
 WILDER,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00357-CR
  
 Appeal from the
  
 384th District Court
  
 of El Paso County, Texas
  
 (TC#20020D01274)
 
 




 

MEMORANDUM
OPINION

Crystal Wilder pleaded guilty to
theft.  She was convicted and sentenced
to two years= confinement in accordance with a
plea agreement.  Wilder=s court-appointed counsel has filed a
brief in which she has concluded that the appeal is wholly frivolous and
without merit.[1]  Wilder has filed a pro se brief,
raising two issues.  The State has filed
a motion to dismiss, arguing that we lack jurisdiction over the appeal.  Because we agree with the State, we will
dismiss the appeal.








Discussion

Under the version of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure that is
applicable to this appeal, a defendant who was sentenced in accordance with a
plea agreement must include an Aextra-notice recitation@ in her notice of appeal.  See Woods v. State, 108
S.W.3d 314, 315-16 (Tex. Crim. App.
2003).  The notice of appeal must specify
that:  (1) the appeal is for a
jurisdictional defect; (2) the substance of the appeal was raised by written
motion and ruled on before trial; or (3) the trial court granted permission to
appeal.  See id.  To confer jurisdiction on the appellate
court, the extra-notice recitation must be true and supported by the record.  Id. at 316.  Moreover, the issues raised on appeal must be
encompassed within the extra-notice recitation. 
Id. at 314, 316.

In this case, the notice of appeal
facially complies with the extra-notice requirement by stating that the trial
court gave permission to appeal by appointing appellate counsel.  This recitation, however, is not supported by
the record.  The reporter=s record contains the following
statement by the trial court:  AI want the record to reflect that by
virtue of appointing [counsel], I am not giving her permission, my consent, to
appeal these cases.@








Because the trial court did not give
Wilder permission to appeal, we lack jurisdiction over this appeal.[2]  Accordingly, the State=s motion to dismiss is granted, and
the appeal is dismissed.

 

SUSAN
LARSEN, Justice

January 15, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)

 











[1]The
brief meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, by advancing a contention that
might arguably support the appeal.  See
High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim.
App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim.
App. 1972); Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969).





[2]We
note that the issues raised in counsel=s
brief and in the pro se brief do not fall within the other two
categories of issues mentioned in Rule 25.2(b)(3).  The issues raised by
counsel and by Wilder relate to the voluntariness of
the plea.  Plea-bargaining defendants may
not raise the voluntariness of the plea on direct
appeal.  Woods,
108 S.W.3d at 316 n.6; Cooper v. State, 45 S.W.3d 77, 77 (Tex. Crim. App. 2001).