In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-316 CR


____________________



MARCUS GARRETT HILL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Court Cause No. A-020208-R






MEMORANDUM OPINION



 Appellant, Marcus Garrett Hill, pleaded guilty to the felony offense of Possession of
Marijuana. The record before us reflects the plea was to the trial court, following appellant's
execution of a waiver of trial by jury, with the trial court's subsequently assessing
punishment at confinement in the Texas Department of Criminal Justice -- Institutional
Division for a term of seventeen years. A subsequent motion for new trial was denied by the
trial court. Thereafter, appeal was perfected and appellate counsel filed a brief in compliance
with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967) and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). In an order dated April
17, 2003, we granted appellate counsel's motion for extension of time to allow appellant to
file a pro se brief should he so desire. Appellant did file with this court a pro se appellate
brief raising four appellate issues:

 1. Trial court erred in allowing amendment of indictment over defendant's
objections. The amendment added additional offenses, many of which were
erroneous; violating the substantial rights of the defendant.


 2. Prosecutorial misconduct.


 3. Ineffective assistance of counsel.


 4. Fatal variance exists between the allegations in the amended indictment and
the proof offered during the proceedings. 


 The record reflects that appellant's guilty plea was pursuant to a punishment
recommendation mutually agreed to by both the State and appellant. The trial court also
admonished appellant upon his plea of guilty in substantial compliance with Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2004). The trial court's sentence of seventeen
years' confinement was within the punishment range agreed to by appellant and the State. 
The instant offense and all of the underlying trial court proceedings took place prior to
January 1, 2003. (1)

 Appellant filed two notices of appeal. Neither was in compliance with Tex. R. App.
P. 25.2(b)(3). Because appellant's notices of appeal do not comply with Rule 25.2(b)(3), our
jurisdiction to entertain his appeal has not been invoked. See Cooper v. State, 45 S.W.3d 77,
79, 81 (Tex. Crim. App. 2001). As this Court lacks jurisdiction to consider any matters
raised by appellant in his pro se appellate brief, our only recourse is to dismiss the appeal. 
See also Woods v. State, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003). 

 APPEAL DISMISSED. 

 PER CURIAM


Submitted on February 4, 2004

Opinion Delivered February 11, 2004

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Tex. R. App. P. 25.2 was amended effective January 1, 2003. All references in this
opinion to Rule "25.2(b)(3)" refer to the previous version of Tex. R. App. P. 25.2 in effect
at the time appellant filed his notice of appeal.