NO. 07-03-0018-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 27, 2004
_____

CYNTHIA GOBER PFEIFFER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 14,229-B; HONORABLE JOHN BOARD, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Cynthia Gober Pfeiffer appeals from her conviction for possession with intent to deliver a controlled substance and punishment of 20 years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant was charged by indictment in Cause No. 14229-B in the 181st District Court of Randall County, Texas, for the felony offense of possession with intent to deliver methamphetamine, more than 4 grams and less than 200 grams by aggregate weight

including adulterants and dilutants. Appellant filed a motion to suppress. Following a pre-trial evidentiary hearing, the trial court overruled appellant's motion. Appellant, represented by a retained attorney, entered a plea of guilty and requested a jury to assess punishment. After the trial court accepted appellant's guilty plea, appellant and the State reached an agreement as to a recommendation on punishment. The trial court followed the parties' agreement and sentenced appellant to 20 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed a specific Notice of Appeal, stating that, pursuant to TEX. R. APP. P. 25.2,[1] the trial court granted appellant permission to appeal the pre-trial denial of appellant's motion to suppress. The clerk's record contains the trial court's certification that appellant has the right to appeal matters raised by written motion which were filed and ruled on prior to trial. TEX. R. APP. P. 25.2(d); Woods v. State, 108 S.W.3d 314, 316 (Tex.Crim.App. 2003).

Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous.

In reaching the conclusion that the appeal is frivolous, counsel advances one possible issue. However, after referencing, analyzing and discussing the record, counsel

---

[1] See TEX. R. APP. P. 25.2(a)(2).

-2-

has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. Appellant has not filed a response to counsel's motion and brief.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is frivolous.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.


Phil Johnson
Chief Justice


Do not publish.