Opinion issued October 21, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00382-CR

———————————

Dwayne Anderson, Sr., Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 351st District Court 

Harris County, Texas



Trial Court Case No. 1075307

 



 

MEMORANDUM OPINION

          Appellant
Dwayne Anderson, Sr. pleaded guilty to the offense of injury to a child (his
son) with an agreed punishment cap of no more than 20 years’ confinement.  After an evidentiary hearing and
consideration of a presentence investigation report, the trial court sentenced
Anderson to 20 years’ confinement.  On
appeal, Anderson contends that he was deprived of a fair and impartial judge
because of certain comments the trial court made when pronouncing
sentence.  

The trial court’s certification of
Anderson’s right to appeal stated that this was a plea-bargain case and
Anderson had no right of appeal.  Based
on this certification, the State moved to dismiss Anderson’s appeal.   Anderson contends that this Court is not
precluded from reviewing his appellate issue “because criminal defendants have
rights to appeal that are neither specifically addressed in the language of the
CORTA rule nor reflected in the CORTA form.” 
In regard to Anderson’s appeal, we disagree with this contention.

In a plea-bargained case in which
the punishment assessed does not exceed the plea agreement, a defendant may
appeal only those matters that were raised by written motion filed and ruled on
before trial, or after obtaining the trial court’s permission to appeal.  Tex. R.
App. P. 25.2(a)(2); see Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding that agreement
to punishment cap is plea bargain for purposes of Rule 25.2); Shankle v. State, 119 S.W.3d 808, 813
(Tex. Crim. App. 2003) (same).  Purportedly
relying on Chavez, Anderson argues,
“Criminal defendants ‘enjoy certain rights of appeal that are not enumerated in
Rule 25.2 of the Rules of Appellate Procedure, not referred to in the form for
certification of right to appeal, and not mentioned in Woods v. State, 108 S.W.3d 314 (Tex. Crim. App. 2003).’”  See Chavez, 183 S.W.3d at 677.

Anderson cites Chavez out of context.  In Chavez, the Court of Criminal Appeals granted
discretionary review sua sponte “to consider the procedures used by the
Thirteenth Court of Appeals.”  Id. at 676.  The Court of Criminal Appeals then identified
the scope of its review in that case:

Pursuant to our order
granting review, our review extends to the holdings set out in that order and
to such other holdings of the court of appeals’ opinion as may be material to
the consideration of these cases.  In our
order granting review, we noted those holdings.

1)
Texas criminal defendants enjoy certain rights of appeal that are not
enumerated in Rule 25.2 of the Rules of Appellate Procedure, not referred to in
the form for certification of right to appeal, and not mentioned in Woods v. State, 108 S.W.3d 314 (Tex. Crim.
App. 2003).

 

.
. . .

 

Id. at 677.  But the Court of Criminal Appeals did not
endorse this holding of the court of appeals. 
Id. at 679.

With regard to the court of
appeals’ holding that criminal defendants enjoy certain rights of appeal that
are not set out in Rule 25.2, nor referred to in the certification of right to
appeal, nor mentioned in Woods v. State,
supra, the court of appeals
acknowledged that it was “not authorized to address points of error that do not
fall within one of the categories listed in [former rule 25.2(b)(3) ].”  Chavez,
139 S.W.3d at 56 (quoting Woods, supra at 316).  The court of appeals also concluded that this
Court did not intend that the certification of right to appeal “abridge a
criminal defendant’s substantive rights.”  Id.  It then held that the scope of its review
under Anders is not confined by the
terms of Rule 25.2 or the certification of right to appeal, but rather “the
scope of [its] independent review includes any arguable grounds that might
support an appeal, which by definition includes limited rights to appeal
previously recognized by law.”  Id.  However, since the court of appeals delivered
its Chavez opinion, we have held that
the requirements of Rule 25.2(a)(2) do not impermissibly abridge the right to
appeal.  Griffin v. State, 145 S.W.3d 645, 649 (Tex. Crim. App. 2004).

Id. 

The trial court’s certification of Anderson’s
right to appeal states that this is a plea-bargain case and Anderson has no
right to appeal.  The record supports the
certification.  We must dismiss an appeal
“without further action, regardless of the basis for the appeal” if the trial
court’s certification shows there is no right of appeal.  Id. at
680.

CONCLUSION

          Accordingly,
we dismiss the appeal for lack of jurisdiction. 
Any pending motions are denied as moot.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices Massengale
and Mirabal.[*]

Do
not publish.   Tex. R. App. P. 47.2(b).











[*]           The Honorable Margaret Mirabal, Senior
Justice, Court of Appeals, First District of Texas at Houston, participating by
assignment.  See Tex. Gov’t Code Ann.
§ 74.003(h) (Vernon 2005).