Opinion filed January 6,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00252-CR

                                                    __________

 

                               DONNIE
RAY CARRION, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 350th District Court 

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No.  9435-D

 



 

                                            M
E M O R A N D U M    O P I N I O N

            The
trial court convicted Donnie Ray Carrion, upon his plea of guilty, of
possession of cocaine and found both enhancement allegations to be true.  Pursuant
to the plea bargain agreement, the trial court imposed a sentence of
confinement for eight years.  We affirm.

            On
appeal, appellant contends in two issues that the trial court erred by failing
to provide him with counsel at the hearing on his pro se motion for new trial. 
The State argues that this court lacks authority to consider appellant’s issues
challenging the ruling on his postconviction motion under Woods v. State,
108 S.W.3d 314 (Tex. Crim. App. 2003).  We agree.

            Tex. R. App. P. 25.2(2) provides that,
in plea bargain agreement situations where the punishment assessed does not
exceed that in the agreement, appellant may only challenge those matters raised
in written motions ruled upon prior to trial or those matters that the trial
court gives permission to challenge.  In Woods, the Court of Criminal
Appeals stated that the “plain import of [former Tex. R. App. P. 25.2(b)(3) now Rule 25.2(2)] is that appeals
from plea bargain-case are limited to the situations set forth in the rule. 
Consequently, a court of appeals is not authorized to address points of error
that do not fall within . . . Rule [25.2(2)].”  Woods, 108 S.W.3d  at
316.  

In
its certificate of right to appeal, the trial court gave appellant permission
to appeal “as to the issue of whether or not the plea was voluntary.”  This is
not the issue that appellant has briefed.  Therefore, we lack the authority to
address the issues that appellant did brief.  Rule 25.2(2); Woods, 108
S.W.3d at 315-16.  Appellant’s issues are dismissed.

The
judgment of the trial court is affirmed.

 

 

                                                                                    PER
CURIAM

 

January 6, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.