**Opinion issued August 2, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————

**NO. 01-12-00250-CR**

———————

**JAMES EDWARD SHINE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1330482**

---

**MEMORANDUM OPINION**

Pursuant to a plea-bargain agreement with the State, appellant, James Edward Shine, pleaded guilty to the felony offense of driving while intoxicated.[1]  The trial court followed the plea agreement, sentenced appellant to six years in prison, and certified that this is a plea-bargain case and that there is no right to appeal.  Less

---

[1]    *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2011).

than 30 days later, appellant filed a pro se notice of appeal. In his notice, appellant acknowledges that he was sentenced pursuant to a plea agreement, but states he wishes to appeal because his "plea of guilty was not an intelligent and voluntary plea."

In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). The Court of Criminal Appeals has held that the voluntariness of a guilty plea may not be contested on direct appeal following a plea bargain agreement. *See Woods v. State*, 108 S.W.3d 314, 316 & n.6 (Tex. Crim. App. 2003); *Cooper v. State*, 45 S.W.3d 77, 81, 83 (Tex. Crim. App. 2001).

In this case, the record reflects that appellant pleaded guilty to the charged offense. It further reflects that the trial court assessed the punishment recommended by the State and to which appellant had agreed. *See* TEX. R. APP. P. 25.2(a)(2). Appellant does not complain about the trial court's ruling on a pretrial motion, nor does he have the trial court's permission to appeal. *See id.* Instead, the

basis of appellant's appeal is his claim that his guilty plea was not voluntary. Appellant cannot, however, raise the voluntariness of his plea as an issue on direct appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Woods*, 108 S.W.3d at 316 & n.6; *Cooper*, 45 S.W.3d at 81, 83. Therefore, appellant has no right of appeal, and we must dismiss this appeal "without further action." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).