**Opinion issued May 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00252-CR

———————————

**CHARLES ALLEN STEWART, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1375967**

---

## MEMORANDUM OPINION

Appellant, Charles Allen Stewart, pleaded guilty to the state-jail felony

offense of theft[1] and pleaded true to the allegations in two state-jail felony

---

[1]     *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D) (West Supp. 2012).

enhancement paragraphs.[2] The trial court found appellant guilty, found the enhancements true, and, in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement for two years. Appellant has filed a *pro se* notice of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2); *see Woods v. State*, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea-bargained case and the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must

---

[2]    *See* TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2012).

dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction.  We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).

3