**Opinion issued August 22, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00452-CR

_____

**VINCENT CRAIG STEVENSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1362966**

---

## MEMORANDUM OPINION

Appellant, Vincent Craig Stevenson, pleaded guilty to the felony offense of assault—family violence.[1] The trial court found appellant guilty, and, in accordance with the terms of his plea agreement with the State, sentenced him to

---

[1] _See_ TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (West 2011).

confinement for three years.  Appellant has filed a pro se notice of appeal.  We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial or after obtaining the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that a defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal.  *See id.*  The trial court's certification states that this is a plea-bargained case and appellant has no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  The record supports the trial court's certification.[2]  *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we must dismiss this appeal.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must

---

[2]  Although appellant filed a written pretrial motion for a competency examination, the trial court granted the motion and it, therefore, does not provide a basis for appeal.  *See Woods v. State*, 108 S.W.3d 314, 316 n.6 (Tex. Crim. App. 2003) (distinguishing motion for examination from motion for court determination of competency).  Further, appellant's plea agreement states that he waived the right to appeal if the court accepted the plea agreement, and a waiver of the right to appeal is valid if made when the defendant knows the sentence he will receive.  *See Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006).

2

dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction and deny any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).