**Opinion issued November 21, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00560-CR

———————————

## BRANDON LARUE JACKSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

## On Appeal from the 248th District Court
## Harris County, Texas
## Trial Court Case No. 1323165

---

## MEMORANDUM OPINION

Pursuant to an agreement with the State, appellant, Brandon Larue Jackson,

pleaded guilty to the offense of murder.[1] The trial court accepted the plea

---

[1]     *See* TEX. PEN. CODE ANN. § 19.02 (West 2011).

agreement, assessed appellant's punishment at confinement for forty years, and certified that this is a plea-bargained case and he has no right of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. Art 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record and states that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification.[2] *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2),

---

[2] Although appellant filed written pretrial motions for psychiatric evaluations to determine competency and sanity, the motions were granted and, therefore, do not provide a basis for appeal. *See Woods v. State*, 108 S.W.3d 314, 316 n.6 (Tex. Crim. App. 2003) (distinguishing motion for examination from court determination of competency). Further, the plea agreement states that appellant waived the right to appeal if the court accepted the plea agreement. A waiver of the right to appeal is valid if made when the defendant knows the sentence he will receive. *See Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006).

must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).