**Opinion issued December 10, 2013**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

**NO. 01-13-00717-CR**
**NO. 01-13-00718-CR**

———————————

**CHRISTOPHER MARK ANDERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1375001 and 1377452**

---

### MEMORANDUM OPINION

Pursuant to agreements with the State, appellant, Christopher Mark

Anderson, pleaded guilty to two counts of burglary of a building with intent to

commit theft.[1] The trial court accepted the plea agreements, assessed appellant's punishment at confinement for four years for each offense, with the sentences to run concurrently, and certified that these are plea-bargained cases and he has no right of appeal. We dismiss the appeals.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. Art 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certifications are included in the record and state that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification.[2] *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss the appeals. *See Chavez v. State*, 183 S.W.3d 675, 680

---

[1] *See* TEX. PEN. CODE ANN. § 30.02 (West 2011).

[2] Although appellant filed written pretrial motions for psychiatric evaluations to determine competency, the motions were granted and, therefore, do not provide a basis for appeal. *See Woods v. State*, 108 S.W.3d 314, 316 n.6 (Tex. Crim. App. 2003) (distinguishing motion for examination from trial court's determination of competency). Further, the plea agreement states that appellant waived the right to appeal if the court accepted the plea agreement. A waiver of the right to appeal is valid if made when the defendant knows the sentence he will receive. *See Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006).

2

(Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).