**Opinion issued July 29, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00847-CR

———————————

**SALVADOR MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1333380**

---

## MEMORANDUM OPINION

Pursuant to an agreement with the State, appellant, Salvador Martinez, pleaded guilty to the offense of aggravated sexual assault of a child.[1] The trial

---

[1]     *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B) (West Supp. 2013).

court accepted the plea agreement, assessed appellant's punishment at confinement for twenty years, and certified that this is a plea-bargained case and he has no right of appeal. In his pro se notice of appeal, appellant acknowledged that he was sentenced pursuant to a plea agreement, but stated that he "was pressured by his counsel to Plea Bargain instead of going to trial while showing Defendant very little if any evidence . . . was ever considered in his conviction," had no faith in his counsel, and "asked his Counsel to step down if he had no intention of protecting his civil rights according to the amendments of the U.S. Constitution." We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). Here, the trial court's certification is included in the record and states that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Appellant does not complain about a pre-trial motion and does not have permission to appeal. Rather, the basis of his appeal is his contention that his counsel was ineffective. The Court of Criminal Appeals, however, has held that the effectiveness of counsel may not be contested on appeal following a plea bargain

agreement. *See Woods v. State*, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.
Do not publish.   TEX. R. APP. P. 47.2(b).