**Opinion issued September 9, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————

## NO. 01-14-00425-CR

———————

## JAMES HENRY MILLS, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1402589**

---

## MEMORANDUM OPINION

Pursuant to a plea-bargain agreement with the State, appellant, James Henry

Mills, Jr., pleaded guilty to the felony offense of failure to comply with sex offender

registration.[1]  The trial court followed the plea agreement, sentenced appellant to 20

years in prison, and certified that this is a plea-bargain case and that there is no right

---

[1]   *See* TEX. CODE CRIM. P. § 62.102 (West Supp. 2013).

to appeal. Less than 30 days later, appellant filed a pro se notice of appeal. In his notice, appellant acknowledges that he was sentenced pursuant to a plea agreement, but states he wishes to appeal because of a mental health condition and because the trial court did not appoint new counsel following a pro se motion filed by appellant prior to trial.

In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). The Court of Criminal Appeals has held that the voluntariness of a guilty plea may not be contested on direct appeal following a plea bargain agreement. *See Woods v. State*, 108 S.W.3d 314, 316 & n.6 (Tex. Crim. App. 2003); *Cooper v. State*, 45 S.W.3d 77, 81, 83 (Tex. Crim. App. 2001).

In this case, the record reflects that appellant pleaded guilty to the charged offense. It further reflects that the trial court assessed the punishment recommended by the State and to which appellant had agreed. *See* TEX. R. APP. P. 25.2(a)(2). Appellant does not have the trial court's permission to appeal. *See id.*

The basis of appellant's appeal is twofold. First, we infer from his complaint about his mental health condition that he believes his guilty plea was not voluntary. Appellant cannot, however, raise the voluntariness of his plea as an issue on direct appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Woods*, 108 S.W.3d at 316 & n.6; *Cooper*, 45 S.W.3d at 81, 83. Second, although appellant states he wishes to appeal from a motion filed and ruled on before trial, the record does not reflect a ruling was ever made on his motion for appointment of new counsel. While a copy of the motion is included in the record, it was filed by appellant pro se when he was already represented by counsel, and thus constitutes hybrid representation. Appellant is not entitled to hybrid representation. *See Ex parte Bohannon*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011); *Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977); *Livings v. State*, 758 S.W.2d 16, 18 (Tex. App. — Beaumont 1988, no pet.). The trial court was under no duty to take action on any pro se motions filed by Mills. *Id.* Therefore, appellant has no right of appeal, and we must dismiss this appeal "without further action." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss the appeal for want of jurisdiction.  We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).