**Opinion issued May 19, 2015**



In The

# Court of Appeals

For The

## First District of Texas

———————————

**NO. 01-14-00154-CR**

———————————

**SHERACASHA LYEADEE DARTHARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1341688**

---

**MEMORANDUM OPINION**

Pursuant to an agreement with the State, appellant, Sheracasha Lyeadee

Darthard, pleaded guilty to the offense of murder.[1] The trial court accepted the plea

---

[1]    *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 2011).

agreement, assessed appellant's punishment at confinement for forty-five years, and certified that this is a plea-bargained case and she has no right of appeal. Appellant filed a *pro se* notice of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record and states that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Appellant's notice of appeal suggests that the basis of her appeal is that her guilty plea was not voluntary. Appellant, however, cannot raise the voluntariness of her plea as an issue on direct appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006); *Woods v. State¸* 108 S.W.3d 314, 316 & n.6 (Tex. Crim. App. 2003); *Cooper v. State*, 45 S.W.3d 77, 77-82 (Tex. Crim. App. 2001). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain

whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).