

# NUMBERS
## 13-15-00274-CR, 13-15-00275-CR,
## 13-15-00276-CR & 13-15-00277-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**PATRICIA ANN CACERES,**                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                           **Appellee.**

---

### On appeal from the County Court at Law No. 2
### of Victoria County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Patricia Ann Caceres, attempts to appeal: (1) her conviction in trial court cause number 2-101634 for theft, a class B misdemeanor, docketed as our cause number 13-15-00274-CR; (2) her conviction in trial court cause number 2-103819 for

theft, a class B misdemeanor, docketed as our cause number 13-15-00275-CR; (3) her conviction in trial court cause number 2-105175 for criminal trespass, a class B misdemeanor, docketed as our cause number 13-15-00276-CR; and (4) her conviction in trial court cause number 2-103049 for theft, a class B misdemeanor, docketed as our cause number 13-15-00277-CR. The trial court has certified in each of these cases that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). On June 26, 2015, this Court notified appellant's counsel of the trial court's certifications and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certifications. On July 16, 2015, counsel filed a letter brief with this Court.

Counsel's letter brief contends that appellant has a right to appeal these cases. Counsel states that appellant entered plea agreements with the State in all four cases in which she agreed to plead nolo contendere in exchange for suspended sentences with community supervision and the payment of certain fines and court costs. The trial court accepted the pleas in all four cases and followed the plea agreements. Counsel asserts that appellant has indicated that her trial counsel told her, prior to entering her pleas, that she would not be required to pay the monetary obligations of her probations in these causes. Counsel asked trial counsel if that was true and he has denied making the alleged representations to appellant. Counsel thus asserts that there is a fact issue, and if appellant's allegations are true, then her pleas of nolo contendere were not made freely

and voluntarily as required by article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West, Westlaw through Ch. 46 2015 R.S.).

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art 44.02 (West, Westlaw through Ch. 46 2015 R.S.); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, in each cause, the trial court's certification is included in the record and states that the case is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record in each case supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Counsel's letter brief suggests that appellant has the right to appeal and her certifications are incorrect because her pleas were not voluntary. Appellant, however, cannot raise the voluntariness of her pleas as an issue on direct appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Woods v. State*, 108 S.W.3d 314, 316 & n.6 (Tex. Crim. App. 2003); *Cooper v. State*, 45 S.W.3d 77, 77–82 (Tex. Crim. App. 2001); *Escochea v. State*, 139 S.W.3d 67, 75 (Tex. App.—Corpus Christi 2004, no pet.); *see also Guzman v. State*, No. 01-15-00149-CR, 2015 WL 3884149, at *1 (Tex. App.—Houston [1st Dist.] June 23, 2015, no. pet. h.) (per curiam mem. op., not designated for publication). Because appellant has no right of appeal, we must dismiss these appeals.

3

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4; *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."). Accordingly, these appeals are DISMISSED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of July, 2015.

4