**Opinion issued July 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00811-CR

_____

**EDDIE JUNIOR HUDSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1356788**

---

## MEMORANDUM OPINION

Appellant, Eddie Junior Hudson, pursuant to an agreement with the State,

pleaded guilty to the felony offense of intoxication assault with a vehicle—serious

bodily injury.[1] The trial court accepted the plea agreement, found appellant guilty, and assessed his punishment at confinement for eight years. The trial court further certified that this is a plea-bargained case and appellant has no right of appeal. Appellant filed a pro se notice of appeal.

We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006); TEX. R. APP. P. 25.2(a)(2). Here, the trial court's certification is included in the record and states that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See* *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Appellant does not complain about a ruling on a pre-trial motion and does not have permission to appeal. Rather, appellant's notice of appeal indicates that the basis of his appeal is an assertion that his counsel was ineffective. The Texas Court of Criminal Appeals, however, has held that the effectiveness of counsel may not be contested on direct appeal following a plea bargain agreement. *See* *Woods v. State*, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003). Because appellant has no right of appeal, we must

---

[1]     *See* TEX. PENAL CODE ANN. § 49.07 (Vernon 2011).

2

dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.
Do not publish. TEX. R. APP. P. 47.2(b).