

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00415-CR

_____

MARCUS DECOLE WILLIAMS, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1527839D

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellant Marcus Decole Williams, proceeding pro se, attempts to appeal his murder conviction. Because Williams pleaded guilty under a plea-bargain agreement, which the trial court followed, and because the trial court certified Williams had no right to appeal, we dismiss.

Under a plea-bargain agreement with the State, Williams pleaded guilty to murder. *See* Tex. Penal Code Ann. § 19.02(b). The trial court found Williams guilty of the offense and, following the terms of the plea agreement, sentenced him to thirty years' confinement. Williams filed a notice of appeal, and the trial court certified that Williams had pleaded guilty under a plea-bargain agreement with no right to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2). We notified Williams and his court-appointed counsel of the certification and warned that we would dismiss the appeal unless we received a response showing grounds to continue it. *See* Tex. R. App. P. 25.2(d), 44.3. We received no response.[1]

The right to appeal a conviction arising from a plea-bargain agreement is limited to matters that were raised by written motion filed and ruled upon before trial or to cases in which the appellant has obtained the trial court's permission to appeal.

---

[1]Williams addressed the trial court's certification in his notice of appeal and asserted that his appeal rights should be reinstated because his trial counsel had been constitutionally ineffective. This argument does not establish a basis for this court to exercise jurisdiction over the appeal. *See Woods v. State*, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003); *Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001).

*See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2). The trial court's certification in this case does not show that Williams was granted permission to appeal, nor does the record indicate that Williams intends to challenge a ruling on a written motion filed and ruled on before he pleaded guilty. Thus, we dismiss Williams's appeal in accordance with the trial court's certification. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 31, 2019