**Opinion issued September 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00978-CR

———————————

**MARCUS RAY BORTLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1430563**

---

## MEMORANDUM OPINION

Appellant, Marcus Ray Bortle, pleaded guilty to the third-degree felony offense of intoxicated assault with vehicle—serious bodily injury, with the agreed recommendation that he receive five years' confinement. *See* TEX. PENAL CODE ANN. §§ 49.07(a)(1), (c) (West Supp. 2014). On October 8, 2014, the trial court

assessed appellant's punishment at five years' confinement, in accordance with the terms of his plea bargain with the State. The trial court certified that this is a plea-bargained case and that appellant has no right of appeal. Nevertheless, appellant timely filed a *pro se* notice of appeal, acknowledging that his punishment did not exceed the punishment recommended by the State and agreed to by appellant, but contending that his guilty plea was involuntary due to alleged ineffective assistance of trial counsel. The trial court appointed appellate counsel for appellant, who filed a letter with the Clerk of this Court informing the Court that the trial court's certification indicates that this is a plea-bargained case and appellant has no right of appeal. We dismiss this appeal for want of jurisdiction.

In a plea-bargain case—where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—as here, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. § 44.02 (West Supp. 2014); TEX. R. APP. P. 25.2(a)(2). To the extent appellant contends that his plea was involuntary, the Court of Criminal Appeals has held that the voluntariness of a guilty plea may not be contested on direct appeal following a plea-bargain agreement. *See Woods v. State*, 108 S.W.3d 314, 316 & n.6 (Tex. Crim. App. 2003); *Cooper v. State*, 45 S.W.3d 77, 81, 83 (Tex. Crim. App. 2001).

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the clerk's record, states that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

Here, the clerk's record contains plea admonishment papers indicating that appellant waived his right to have the court reporter record his plea. The clerk's record also contains a plea information sheet, waiver of constitutional rights, agreement to stipulate, and judicial confession indicating that appellant pleaded guilty to the charged offense in exchange for the State's agreement to recommend that he receive five years' confinement, and the standard waiver of his right of appeal if the trial court accepted the plea-bargain agreement. The judgment of conviction in the clerk's record reflects that the trial court accepted the agreement because it assessed appellant's punishment at five years' confinement at sentencing. *See* TEX. R. APP. P. 25.2(a)(2). Thus, the record supports the trial court's certification that this is a plea-bargain case and the trial court did not give its permission to appeal. *See Dears*, 154 S.W.3d at 615.

Because appellant has no right of appeal in this plea-bargain case, we must dismiss this appeal without further action. *See Menefee v. State*, 287 S.W.3d 9, 12

n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

## CONCLUSION

Accordingly, we **dismiss** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Keyes, Massengale, and Lloyd.
Do not publish. TEX. R. APP. P. 47.2(b).