**Opinion issued November 19, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-14-00484-CR**

**NO. 01-14-00485-CR[1]**

———————————

**CORBIK REECE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1338724 & 1338725**

## MEMORANDUM OPINION

Appellant, Corbik Reece, proceeding *pro se* and incarcerated, pleaded guilty

to two counts of the first-degree felony offense of aggravated robbery with a

---

[1]     Appellate cause no. 01-14-00484-CR; trial court cause no. 1338724.
        Appellate cause no. 01-14-00485-CR; trial court cause no. 1338725.

deadly weapon on June 17, 2013, without an agreed recommendation from the State as to punishment. *See* TEX. PENAL CODE ANN. §§ 29.03(a)(2), (b) (West Supp. 2014). The trial court initially certified, on June 17, 2013, that both of these cases were not plea-bargained cases, and Reece had the right of appeal. At sentencing, however, Reece entered into an agreed plea bargain in exchange for the State dismissing two charges and recommending twenty years' confinement as to punishment. On May 1, 2014, in accordance with the terms of Reece's plea bargain with the State, the trial court assessed appellant's punishment as a concurrent sentence of twenty years' confinement, but the judgments of convictions stated that no permission to appeal was granted.

Reece timely filed a *pro se* notice of appeal in each case, contending that the trial court had granted him permission to appeal. After abatement, the trial court made findings of fact and conclusions of law, and entered amended certifications stating that these were plea-bargained cases, and that Reece had no right of appeal.

We dismiss both appeals for want of jurisdiction.

## BACKGROUND

On April 25, 2012, Reece was indicted twice by a grand jury for the first–degree felony offense of aggravated robbery with a deadly weapon, both charges arising from a single incident that occurred on February 28, 2012, but involving two different complainants. Reece was indicted for aggravated robbery with a

2

deadly weapon against Magdalena Llamas in the first underlying trial court cause number 1338724, and against Marco Morones in the second underlying trial court cause number 1338725. *See* TEX. PENAL CODE ANN. §§ 29.03(a)(2), (b).

With Marco Sapien appointed as his trial counsel, Reece pleaded guilty to both charges on June 17, 2013, without an agreed recommendation as to punishment. The clerk's record in each case contains plea admonishment papers indicating that Reece waived his right to have the court reporter record his plea. The trial court's certifications, signed on June 17, 2013, stated that both of these cases were not plea-bargained cases, and that Reece had the right of appeal.

After Reece failed to appear for sentencing, Sapien was permitted to withdraw as his counsel, and the State charged Reece with bond jumping in both cases. Reece was later arrested and Randolph Roll was appointed as his new trial counsel on October 9, 2013. On May 1, 2014, the trial court signed judgments of convictions in both cases, indicating that Reece had pleaded guilty to aggravated robbery with a deadly weapon and was assessed a concurrent sentence of twenty years' confinement in accordance with his plea bargain, and that no permission to appeal was granted. On May 28, 2014, Reece timely filed a *pro se* notice of appeal in each case. *See* TEX. R. APP. P. 26.2(a)(1).

After these appeals were assigned to this Court, the Clerk of this Court reviewed the notices of appeals and the clerk's records, which did not contain any

new certifications of the rights of appeal by the trial court, as required when the judgments were entered, or written orders relieving Roll as Reece's counsel. *See* TEX. R. APP. P. 25.2(a)(2), 37.1. Thus, this Court abated these cases for the trial court to determine whether Roll still represented Reece and to make findings of fact to resolve the inconsistencies between the certifications and the judgments. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1.

## A.    The Abatement Hearing

On October 30, 2014, the trial court held an abatement hearing with Reece, appearing via video conference, confirming to the trial judge that he wished to appeal these cases, but stating that it was up to Roll if he wanted to withdraw as appellate counsel. Roll stated that he had not been representing Reece on appeal, had filed a motion to withdraw as counsel, and did not want to be Reece's appellate counsel.

The trial court permitted Roll to put the following recitation of what he recalled had occurred at Reece's sentencing hearing before he pleaded guilty.[2] Roll recalled that he was Reece's third trial counsel and was appointed after Reece had pleaded guilty and the case was set for a pre-sentencing investigation ("PSI") hearing. Roll stated that Reece had a co-defendant, his brother, who was sentenced by the trial court to twenty years' confinement before Reece's sentencing date.

---

[2]    There was no reporter's record of the sentencing hearing filed in either appeal.

4

Roll recited that Reece, who was out on bond awaiting the PSI sentencing hearing, did not show up at sentencing after he heard that his brother received a twenty-year sentence, and the trial court allowed Reece's trial counsel to withdraw and appointed Roll as counsel. Roll stated that he spoke to Reece, and when his family came to court, the trial court allowed the family to speak with Reece in the "courtroom face-to-face with no glass between them." Reece's family convinced him to accept the offer of twenty years, and he "did waive his right to appeal." After Roll's recitation was complete, the trial court stated its recommendation that Reece "intelligently waived [his] right to appeal this case."

**B.    The Trial Court's Findings of Fact and Conclusions of Law and Order**

Following the abatement hearing, the trial court adopted the State's proposed findings of fact, conclusions of law, and order on November 7, 2014. After noting that it had reviewed the official court records in the cases, and after consideration of the evidence and the parties' arguments, the trial court issued the following findings and conclusions:

1.    As a result of a single incident, the Defendant was charged with two offenses. In Cause No. 1338724, the defendant was indicted for aggravated robbery of Magdalena Llamas. In Cause No.[ ]1338725, the Defendant was indicted for the aggravated robbery of Marco Morones.

2.    The Defendant was set for jury trial on June 17, 2013.

3.    On June 17, 2013, the Defendant, his attorney, and an attorney representing the State executed a "Waiver of Constitutional

5

Rights, Agreement to Stipulate, and Judicial Confession." In this document, the defendant judicially confessed to committing the aggravated robbery of Magd[a]lena Llamas and Marco Morones. The State made no recommendation as to what sentence the Defendant should receive, other than the sentence should be based on the results of a pre-sentence investigation report.

4. At that time, there was no agreed plea. A sentencing hearing was set for August 29, 2013. It was agreed that at this hearing the court would determine an appropriate sentence based on a pre-sentence investigation report. Had this agreement been fulfilled, the Defendant would have had a limited right of appeal.

5. On July 18, 2013[,] a hearing was held for a co-defendant, Akilleon Laran Chase. Akilleon Laran Chase is the brother of the Defendant. I sentenced Akilleon Laran Chase to 20 years in the Texas Department of Criminal Justice-Institutional Division.

6. The Defendant did not appear at his court date on August 29, 2013[,] and his attorney, Marco Sapien[,] withdrew as his attorney of record.

7. On August 30, 2013[,] the State charged the Defendant in Cause Number 1399766 and 1399767 with bond jumping.

8. On October 2, 2013, the Defendant was arrested.

9. On October 9, 2013[,] Randolph Roll was appointed to represent the Defendant.

10. Randolph Roll reset the case 8 times to determine how the Defendant wanted to proceed. The Defendant had the following options:

a. Withdraw his plea and proceed to trial[;]

b. Persist in his plea of guilty and allow the Court to determine the proper punishment based on the pre-sentence investigation report and a hearing where both the state and defense could call live witnesses[;]

c. Enter into an agreed plea with the state.

11. The Defendant chose to enter into an agreed plea with the state. The defendant's plea of guilty was made in exchange for the State's agreement to dismiss the two bail jumping charges and for a term of imprisonment for 20 years.

12. A plea bargain occurs when a defendant enters a plea of guilty or *nolo contendere* and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. TEX. R. APP. P. 25.2[a](2).

13. The statement in the defendant's plea paperwork indicating that his plea was "WOAR" — without a recommendation from the prosecutor — was not changed at the time the Defendant entered into an agreed plea with the state but the change was dictated to the court reporter.

14. The Defendant does not have the right to appeal when he agrees to a plea bargain with the state.

15. The Defendant entered into a plea bargain with the state and does not have the right to appeal.

16. The Court does not grant the appellant permission to appeal.

On January 6, 2015, the trial clerk filed the supplemental clerk's records in each case in this Court containing Roll's motion to withdraw as attorney of record, filed in the trial court, and the trial court's findings, conclusions, and order, but no amended certifications were included. After this Court abated for amended

7

certifications, the trial court signed amended certifications on February 13, 2015, stating that these were plea-bargained cases, and that Reece had no right of appeal in either case. *See* TEX. R. APP. P. 25.2(a)(2), (d).

## DISCUSSION

Although Reece did not file any brief, his *pro se* form notice of appeal in each case appears to contend that either he was granted permission to appeal by the trial court or matters were raised by written motion by the defendant and ruled upon before trial. *See* TEX. R. APP. P. 25.2(a)(2).

### A.    Standard of Review

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The rules also provide that an amended trial court's certification of the defendant's right of appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. The trial court's amended certification, signed on February 13, 2015, included in the clerk's record in each case, states that these are plea-bargained cases and that Reece has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

In a plea-bargain case—where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—as here, a defendant may only appeal those matters

8

that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. § 44.02 (West Supp. 2014); TEX. R. APP. P. 25.2(a)(2).

We give almost total deference to a trial court's determination of the historical facts that are supported by the record, particularly if the findings of fact are based on credibility and demeanor. *Miller v. State*, 393 S.W.3d 255, 262–63 (Tex. Crim. App. 2012) (citation omitted); *see also Manzi v. State*, 88 S.W.3d 240, 241 (Tex. Crim. App. 2002) (holding that deferential standard of review applies even when trial court's factual determination in guilty plea case was based solely upon affidavits). When the trial court makes explicit findings of fact, we consider, in the light most favorable to the trial court's ruling, whether the record supports those findings. *Miller*, 393 S.W.3d at 263 (citation omitted). We review legal rulings *de novo* unless the trial court's findings that are supported by the record are dispositive. *Id.*

## B.  Analysis

As noted above, when the trial court makes explicit findings of fact, as here, we consider, in the light most favorable to the trial court's ruling, whether the record supports those findings. *Miller*, 393 S.W.3d at 263. Here, the clerk's record in each case contains a plea information sheet, waiver of constitutional rights, agreement to stipulate, and judicial confession indicating that Reece pleaded

guilty to the charged offenses without an agreed recommendation as to punishment. The clerk's records also contain Sapien's motion to withdraw as attorney of record, which indicated that Reece had failed to appear for the PSI hearing, and that motion was granted. The records also contain several case reset forms in which Roll was listed as Reece's trial counsel, two charges of bail jumping were added, and the State's offer of twenty years' confinement was listed.

In addition, the judgments of conviction reflect that the trial court accepted the plea-bargain agreements because each judgment assessed Reece's punishment at twenty years' confinement. *See* TEX. R. APP. P. 25.2(a)(2). Thus, the records support the trial court's findings of fact that Reece entered into agreements with the State to recommend twenty years' confinement in exchange for the State dismissing the two bail jumping charges, and we must defer to those findings of historical fact. *See Miller*, 393 S.W.3d at 263. Also, the records support the trial court's amended certifications that these are plea-bargained cases and the trial court did not give its permission to appeal in either case, and we must defer to those findings. *See id.*; *see Dears*, 154 S.W.3d at 615.

To the extent Reece's *pro se* notices of appeal contends that his plea was involuntary, the Texas Court of Criminal Appeals has held that the voluntariness of a guilty plea may not be contested on direct appeal following a plea-bargain agreement. *See Woods v. State*, 108 S.W.3d 314, 316 & n.6 (Tex. Crim. App.

2003); *Cooper v. State*, 45 S.W.3d 77, 81, 83 (Tex. Crim. App. 2001). And, to the extent that Reece's *pro se* notices of appeal contend that he is permitted to challenge rulings on pretrial motions, a review of the clerk's record in each case does not show any written rulings on motions that were adverse to Reece.

Because appellant has no right of appeal in these plea-bargained cases, we must dismiss these appeals without further action. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

## CONCLUSION

Accordingly, we **dismiss** these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Keyes, and Bland.
Do not publish. TEX. R. APP. P. 47.2(b).

11