**Opinion issued December 1, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00276-CR

———————————

**EDWARD BERNARD DAVENPORT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1393017**

---

## MEMORANDUM OPINION

Appellant, Edward Bernard Davenport, pleaded guilty to the third-degree felony offense of failure to comply with sex offender registration requirements, with the agreed recommendation that he receive two years' confinement. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (West Supp. 2014). On February 13,

2014, the trial court assessed appellant's punishment at two years' confinement, in accordance with the terms of his plea bargain with the State. The trial court certified that this is a plea-bargain case and that appellant has no right of appeal.

Nevertheless, appellant timely filed a *pro se* notice of appeal on March 7, 2014. The trial court appointed James Sidney Crowley as appellant's appellate counsel, who filed a motion to withdraw with an *Anders* brief stating that the record presents no non-frivolous issues or reversible error and that, therefore, this appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Appellant has not filed any response to his counsel's *Anders* brief. We dismiss the appeal for want of jurisdiction.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the clerk's record, states that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

In a plea-bargain case—where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, as here—a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the

trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2014); TEX. R. APP. P. 25.2(a)(2).  Here, the clerk's record contains plea information, waiver, and admonishment papers indicating that appellant was indicted for failure to comply with sex offender registration requirements, and that he pleaded guilty to this charge in exchange for the State's recommendation that his punishment be assessed at two years' confinement, and the standard waiver of his right of appeal if the trial court accepted the plea-bargain agreement.  The reporter's record for the plea hearing in this case, which was combined with the record for the motion to adjudicate hearing in a related case, shows that appellant voluntarily, intelligently, and knowingly pleaded guilty to the charge of failure to comply with sex offender registration requirements in exchange for two years' confinement, and the trial court accepted the plea bargain and assessed his punishment at two years' confinement.[1]

The judgment of conviction in the clerk's record also reflects that the trial court accepted the plea-bargain agreement because the court assessed appellant's punishment at two years' confinement.  *See* TEX. R. APP. P. 25.2(a)(2).  Thus, the record supports the trial court's certification that this is a plea-bargain case and the

---

[1]     The trial court set appellant's sentence in this case to run concurrently with the twenty-year sentence he received in his related trial court cause No. 1213794, which is pending under appellate cause No. 01-14-00275-CR.

3

trial court did not give its permission to appeal on any matters, including any rulings on pretrial motions. *See Dears*, 154 S.W.3d at 615.

To the extent appellant's *pro se* notice of appeal contends that he is permitted to challenge rulings on pretrial motions, a review of the clerk's record does not show that any written rulings on pretrial motions were adverse to appellant. And, to the extent appellant contends that his plea was involuntary, the Texas Court of Criminal Appeals has held that the voluntariness of a guilty plea may not be contested on direct appeal following a plea–bargain agreement. *See Woods v. State*, 108 S.W.3d 314, 316 & n.6 (Tex. Crim. App. 2003); *Cooper v. State*, 45 S.W.3d 77, 81, 83 (Tex. Crim. App. 2001).

Because appellant has no right of appeal in this plea-bargain case, we must dismiss this appeal without further action. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without expense of

appointing appellate counsel, preparing reporter's record or preparing appellate brief).

## CONCLUSION

Accordingly, we **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.[2]

## PER CURIAM

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Attorney James Sidney Crowley must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

5