**Eric Michael WHITFIELD, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–02–00187–CR.**

Court of Appeals of Texas, Eastland.

July 3, 2003.

Rehearing Overruled Aug. 7, 2003.

Stan Brown, Abilene, for appellant.

James Eidson, Dist. Atty., Patricia Dyer, Asst. Dist. Atty., Appellate Section Criminal Dist. Atty's Office, Abilene, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

W.G. ARNOT, III, Chief Justice.

Eric Michael Whitfield pleaded guilty to the offense of second degree robbery. Pursuant to the terms of a plea bargain agreement reached between appellant and the State, the trial court assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 15 years. Soon after he entered his guilty plea, appellant filed a motion for new trial which challenged the voluntariness of his guilty plea and the effectiveness of his trial counsel. The trial court denied the motion for new trial after conducting an evidentiary hearing. We dismiss the appeal.

Appellant presents three issues on appeal attacking the trial court's denial of his motion for new trial. The first issue alleges that the motion for new trial should have been granted because appellant's guilty plea was made involuntarily. He premises his claim of involuntariness on the allegation that his trial counsel pres-

sured him into pleading guilty.[1] Appellant argues in his second and third issues that the trial court should have granted a new trial because his trial counsel provided ineffective assistance of counsel. His allegation of ineffective assistance of counsel focuses on trial counsel's decision not to request the appointment of an investigator to locate witnesses who may have been able to exonerate appellant.[2]

■ The State argues that our court does not have jurisdiction to consider appellant's appeal. The State cites TEX. R.APP.P. 25.2(b)(3) (amended 2003) in support of this contention. The version of TEX.R.APP.P. 25.2(b) in effect at the time appellant filed his notice of appeal read as follows:

(b) *Form and sufficiency of notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.[3]

The limitations of Rule 25.2(b)(3) restrict the jurisdiction of appellate courts to consider issues raised by plea-bargaining defendants.[4] *Cooper v. State,* 45 S.W.3d 77, 83 (Tex.Cr.App.2001). The limitations imposed by Rule 25.2(b)(3) apply to appellate complaints which attack the plea-bargaining defendant's conviction. *Kirtley v. State,* 56 S.W.3d 48, 51 (Tex.Cr.App.2001); *Vidaurri v. State,* 49 S.W.3d 880, 884 (Tex. Cr.App.2001). The limitations of Rule 25.2(b)(3) apply in this appeal because appellant seeks to set aside his conviction as opposed to complaining of matters unrelated to his conviction.

■ Appellant timely filed four pro se notices of appeal with the trial court. His appointed appellate counsel filed a fifth notice of appeal. Appellant's fourth and fifth notices of appeal specify that he is appealing the trial court's rulings on written, pretrial motions. However, appellant is not attacking the trial court's ruling on written, pretrial motions because he only challenges the trial court's denial of the

---

1. Appellant did not enter his guilty plea until after the commencement of trial on the charges filed against him.

2. Appellant has filed two pro se documents with the court which we have treated as reply briefs to the State's brief. These documents present contentions supporting appellant's claim of ineffective assistance of counsel set forth in his second and third issue.

3. The Court of Criminal Appeals amended TEX.R.APP.P. 25.2 effective January 1, 2003.

All references in this opinion to "Rule 25.2(b)" or "Rule 25.2(b)(3)" refer to the previous version of TEX.R.APP.P. 25.2 in effect at the time appellant filed his notice of appeal.

4. The current version of the rule reads that a plea-bargaining defendant "may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX.R.APP.P. 25.2(a)(2).

motion for new trial.[5] Appellant's fourth notice of appeal further states that the trial court granted permission for him to appeal. However, our review of the record does not reveal that the trial court granted permission for the appeal. Thus, while appellant has filed notices of appeal that comply with the technical requirements of Rule 25.2(b)(3), the substance of his appellate complaints are not set forth in the rule. A court of appeals is not authorized to address issues on appeal that do not fall within one of the categories listed in Rule 25.2(b)(3). *Woods v. State*, 108 S.W.3d 314 (Tex.Cr.App. 2003).

Appellant asserts that this court has jurisdiction to consider his appeal under the authority of *Cooper*. *Cooper* involved a plea-bargaining defendant who desired to set aside his conviction by attacking the voluntariness of his guilty plea on appeal. *Cooper v. State*, supra at 77–78. The Court of Criminal Appeals held in *Cooper* that the voluntariness of a guilty plea may not be questioned on an appeal from a plea-bargained, felony conviction. *Cooper v. State*, supra at 81. In reaching this conclusion, the court supported its holding by noting that there are two other procedures by which a plea-bargaining defendant may raise a claim of an involuntary plea: (1) a motion for new trial and (2) habeas corpus. The court stated as follows with respect to these two proceedings: "These procedures are not only adequate to resolve claims of involuntary pleas, but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record." *Cooper v. State*, supra at 82. Appellant argues that this court has jurisdiction to consider the denial of his motion for new trial based on *Cooper*'s declaration that a motion for new trial is

an adequate procedure for asserting an involuntary plea claim.

*Cooper* dealt solely with the claim of an involuntary guilty plea made by a plea-bargaining defendant. Any relief afforded by *Cooper* would only apply to appellant's claim of involuntariness. Appellant's claim of ineffective assistance of counsel occurring prior to his conviction is not cognizable under Rule 25.2(b)(3). *Woods v. State*, supra.

The procedural background of the instant case appears to indicate the existence of an internal conflict in *Cooper*'s holding. The primary holding in *Cooper* is that the voluntariness of a guilty plea may not be raised on appeal from a plea-bargained, felony conviction. In reaching this holding, the court noted that a plea-bargaining defendant may assert a claim of an involuntary plea in a motion for new trial. We are thus faced with the question of deciding whether or not a plea-bargaining defendant may raise the issue of involuntariness on appeal by seeking to set aside the denial of a motion for new trial alleging involuntariness. Our analysis of *Cooper* leads us to the conclusion that we do not have jurisdiction to consider appellant's issues.

■ Prior to *Cooper*, involuntary plea claims were accorded special status under *Flowers v. State*, 935 S.W.2d 131 (Tex.Cr.App.1996). *Cooper v. State*, supra at 78. The Court of Criminal Appeals held in *Flowers* that the limitations of the predecessor rule to Rule 25.2(b), former TEX. R.APP.P. 40(b)(1), did not apply to involuntary plea claims. *Flowers v. State*, supra at 134. In *Cooper*, the court eliminated the exception created in *Flowers*. The court in *Cooper* determined that appellate courts do not have jurisdiction to consider

---

5. The fifth notice of appeal filed by appellate counsel specifies that appellant is appealing from the trial court's denial of the motion for new trial.

involuntary plea claims raised by plea-bargaining defendants. The court based this determination on the language of TEX. CODE CRIM. PRO. ANN. art. 44.02 (Vernon 1979). *Cooper v. State*, supra at 79–80. Article 44.02 forbids appeals in plea-bargained, felony cases unless one of two conditions are met: the defendant has permission of the trial court or the appeal is from a written, pretrial motion.

The jurisdictional restrictions of Article 44.02 limit "every appeal on every ground in a plea-bargain, felony case." *Cooper v. State*, supra at 80. Relying on this statute, the court expressly held in *Cooper* that appellate courts do not have jurisdiction to consider involuntary plea claims raised on appeal from plea-bargained, felony convictions. The court recently reaffirmed this holding in *Woods*, stating: "We have held that plea-bargaining defendants may not appeal the voluntariness of their pleas." We do not believe that the Court of Criminal Appeals intended to create an exception to the jurisdictional restrictions placed on appellate courts by Article 44.02 if a plea-bargaining defendant files a motion for new trial. Instead, we construe the court's reference to a motion for new trial as the identification of a remedy which the plea-bargaining defendant can pursue in the trial court to set aside his guilty plea.

We agree with the State's contention that this court does not have jurisdiction to consider this appeal. This appeal is dismissed for want of jurisdiction.