11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Byron Gene Murphy

Appellant

Vs.                   No.  11-02-00297-CR C
Appeal from Collin County

State
of Texas

Appellee

 

Byron Gene Murphy pleaded guilty to the offense of
aggravated sexual assault of a child. Pursuant to the terms of a plea bargain
agreement reached between appellant and the State, the trial court assessed
appellant=s
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of 20 years. 
Appellant raises three points of error on appeal which attack the trial
court=s actions
in addressing his incompetency claim. We affirm.

  Appellant
filed his original notice of appeal on August 26, 2002.  The version of Rule 25.2(b)(3) (2002)[1]
in effect at the time appellant filed his notice of appeal read as follows: 

(3) But if the appeal is from a judgment rendered
on the defendant=s plea of
guilty or nolo contendere under Code of Criminal Procedure article 1.15, and
the punishment assessed did not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, the notice [of appeal] must:  

 

(A)
specify that the appeal is for a jurisdictional defect; 

(B)
specify that the substance of the appeal was raised by written motion and ruled
on before trial; or

(C)
state that the trial court granted permission to appeal.

 








Rule 25.2(b)(3) (2002) placed both procedural and substantive
limitations on the appellate rights of plea-bargaining defendants.  Woods v. State, 108 S.W.3d 314, 316
(Tex.Cr.App.2003); Cooper v. State, 45 S.W.3d 77, 83 (Tex.Cr.App.2001); Whitfield
v. State, 111 S.W.3d 786, 788 (Tex.App. B
Eastland 2003, pet=n
filed).  From a procedural standpoint,
Rule 25.2(b)(3) (2002) required a plea-bargaining defendant=s notice of appeal to specify one of
the grounds enumerated in the rule.[2]  Appellant=s
original notice of appeal did not specify any of the three grounds listed in
the rule. Appellant subsequently filed an amended notice of appeal which
specified that the substance of the appeal was raised by written motion filed
before trial.[3]  Therefore, appellant=s
amended notice of appeal satisfied the procedural requirements of Rule
25.2(b)(3) (2002).

From a substantive standpoint, appellant is limited,
as a plea-bargaining defendant, in the matters which he can raise on appeal to
attack his conviction.  See Rule
25.2(b)(3) (2002); Woods v. State, supra at 316; Cooper v.
State, supra at 83; Whitfield v. State, supra at
788.  We are only authorized to address
points of error which raise jurisdictional defects, matters raised by written
motion prior to trial, and matters for which the trial court has granted
permission to appeal.  Woods v. State,
supra at 316.  Prior to entering
his plea of guilty, appellant filed a written motion seeking a
psychiatric/psychological examination in order to determine his competency to
stand trial.  The trial court granted
this motion by entering an order directing Dr. Richard Neiman to conduct a
competency examination.  Dr. Neiman
submitted a report to the trial court which indicated his belief that appellant
was competent to stand trial.  The record
does not reflect that the trial court made any additional inquiry into
appellant=s competency
other than asking appellant if he was competent at the time appellant entered
his guilty plea.    








Appellant asserts in his first point of error that
the trial court erred by failing to conduct a hearing on appellant=s incompetency contentions.  Appellant is essentially attacking the
voluntariness of his guilty plea based on his contention of incompetency.  We do not have jurisdiction to consider
appellant=s general
complaint that his plea was involuntarily made.   Cooper v. State, supra at 83; Whitfield
v. State, supra at 788. 
However, we have jurisdiction to consider matters raised by written
motion prior to trial.  Woods v. State,
supra at 316; Cooper v. State, supra at 83; Whitfield
v. State, supra at 788. 
Accordingly, we will address appellant=s
complaints regarding the manner in which the trial court addressed his
incompetency claim since this matter was raised by a written, pretrial motion.

The procedures applicable to a claim of
incompetency to stand trial are set out in TEX. CODE CRIM. PRO. ANN. art. 46.02
(Vernon 1979 & Pamph. Supp. 2003). 
The Texas Court of Criminal Appeals recently addressed these procedures
in McDaniel v. State, 98 S.W.3d 704, 709-13 (Tex.Cr.App. 2003).  With respect to claims of incompetency raised
before trial, the statute provides two levels of proceedings.  A Acompetency
inquiry@ is a
nonjury hearing to determine whether to hold a jury trial on the defendant=s competency.  Article 46.02, section 2; McDaniel v.
State, supra at 710.  The jury
trial to determine the defendant=s
competency is referred to as a Acompetency
hearing.@  Article 46.02, section 4; McDaniel v.
State, supra at 710.   The court
outlined the following procedural steps in McDaniel regarding a pretrial
claim of incompetency:

1)
if a competency issue is raised by the defendant, any party, or the court; and

 

2)
evidence of incompetency is brought to the attention of the trial court by the
defendant, and party, or the court;

 

3)
of the type to raise a bona fide doubt in the judge=s
mind regarding the defendant=s
competency to stand trial; then

 

4)
the judge must conduct a Section 2 Acompetency
inquiry@ to
determine if there is some evidence sufficient to support a finding of
incompetence, and if there is,

 

5)
the judge must impanel a jury for a Section 4 Acompetency
hearing.@

 

McDaniel v. State, supra at 710-11.  The requirements of each step must be
fulfilled before moving on to the next step. 
McDaniel v. State, supra at 711.  

Appellant=s
motion requesting a psychiatric/psychological examination fulfilled step one of
McDaniel=s
analysis in that it raised the issue of competency.  We must then determine if sufficient evidence
was brought to the attention of the trial court to raise a bona fide doubt
regarding the defendant=s
competency to stand trial.  McDaniel
v. State, supra at 710-11. 
Evidence is usually sufficient to create a bona fide doubt as to
competency if it shows recent severe mental illness, at least moderate
retardation, or truly bizarre acts by the defendant.  McDaniel v. State, supra at
710. 








Appellant=s
motion requesting a psychiatric/psychological examination only contained an
unverified assertion by appellant=s
trial counsel that appellant had suffered from seizures for 20 years due to a
traumatic head injury.  Appellant argues
on appeal that evidence of his incompetency was presented to the trial court in
a handwritten document that he filed with the court.  The document outlines appellant=s versions of the allegations made
against him and his dealings with the police officers that investigated the
matter.  Appellant asserted in the
document that the allegations made against him by family members were fabricated
in retaliation for the large inheritance left to appellant by his father.  The document is more indicative of appellant=s competency rather than incompetency
to stand trial.  Dr. Neiman=s report of his examination of
appellant stated as follows:

[Appellant]
was oriented to person, place and time, as well as the situation.  He recalled cities in the McKinney area,
various states in the union, and had concept of land distances.  He did well with abstractions and judgment
questions, and did simple arithmetic.  He
has a good working vocabulary.  As noted,
his attitude of suspicion prevailed during the interview, but he could understand
a joke, and laugh at a humorous point.

 

I
found [appellant] capable of understanding procedure and capable of
constructive conversation.  I feel he is
competent to stand trial, and would recommend no specific treatment. 

 

The record does not contain evidence raising a bona fide doubt
concerning appellant=s
competency.  Without such evidence, the
trial court was not required to conduct either a competency inquiry or a
competency hearing.  Appellant=s first point of error is
overruled.  








Appellant argues in his second point that the
trial court erred in considering Dr. Neiman=s
report on the basis that the report did not comply with the requirement of
either the statute or the trial court=s
order.  Article 46.02, section 3(d) of
the statute provides that the report Ashall
include a description of the procedures used in the examination, the examiner=s observations and findings pertaining
to the defendant=s
competency to stand trial, and the recommended treatment.@ 
The trial court=s
order requiring the examination of appellant tracked this language from the
statute.  Dr. Neiman stated in his report
that he examined appellant by means of a direct interview.  He further provided his observations,
findings, and recommended treatment. 
Accordingly, Dr. Neiman=s
report addressed the elements set forth in the statute and the trial court=s order.  Moreover, the record does not reflect that
appellant either raised any deficiencies in Dr. Neiman=s
report with the trial court or requested an additional competency
examination.   Therefore, appellant is
precluded from asserting deficiencies with Dr. Neiman=s
report on appeal.  See
TEX.R.APP.P. 33.1.  Appellant=s second point of error is overruled.

Appellant asserts in his third point of error that the trial
court erred in failing to consider his pro se motion for new trial wherein he
alleged incompetency.[4]  Appellant did not submit any additional
evidence in support of the motion other than his assertion of
incompetency.  The trial court did not
err in overruling the motion for new trial in the absence of evidence raising a
bona fide doubt concerning appellant=s
competence.  McDaniel v. State, supra
at 710-11. 

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

December 4, 2003

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]The
Court of Criminal Appeals amended TEX.R.APP.P. 25.2 effective January 1,
2003.  All references in this opinion to ARule 25.2(b)@ or ARule 25.2(b)(3)@ refer to
the version of TEX.R.APP.P. 25.2 in effect in 2002 when appellant filed his
original notice of appeal.





     [2]The
requirements of former Rule 25.2(b)(3) (2002) for the plea-bargaining defendant=s notice of appeal have been replaced with the
procedure for the certification of the defendant=s right
of appeal by the trial court as set forth in TEX.R.APP.P. 25.2(d) (2003).





     [3]This
court granted leave for appellant to file the amended notice of appeal on
September 4, 2003.  See
TEX.R.APP.P. 25.2(f) (2003).  Upon the
filing of the amended notice of appeal, the trial court executed a
certification of defendant=s right of appeal. 
See Rule 25.2(d) (2003).





     [4]Appellant=s pro se motion for new trial alleged numerous other
grounds in addition to incompetency. 
Appellant only presents the incompetency ground for appellate review.