NO









NO. 12-09-00211-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

SEAN EWALT,                                                  '     APPEAL
FROM THE 

APPELLANT

                                                                             '     COUNTY
COURT AT LAW NO. 3 OF

 

THE STATE OF TEXAS,                                 '     SMITH COUNTY,
TEXAS

APPELLEE

 





MEMORANDUM
OPINION DENYING REHEARING

            Appellant
Sean Ewalt has filed a motion for rehearing, which is overruled.  However, our
opinion of September 30, 2009 is withdrawn, and the following opinion is
substituted in its place.

Background

            Pursuant
to a plea bargain, Appellant pleaded guilty to misdemeanor theft and signed
written plea admonishments.  The document including the admonishments also
included a waiver of Appellant’s right to counsel and a warning that if the
punishment assessed did not exceed the punishment recommended by the prosecutor
and agreed to “by you and your attorney,” no appeal could be prosecuted except
by permission of the trial court.  In accordance with the prosecutor’s
recommendation, the trial court sentenced Appellant to sixty days of
confinement.  Appellant filed a motion for new trial asserting that the waiver
of his right to counsel was obtained in violation of the code of criminal
procedure.[1] 
The motion was overruled by operation of law,[2]
and Appellant filed a notice of appeal stating his desire to “appeal from his
conviction.”  We received the trial court’s certification, which states that
this “is a plea-bargain case, and the defendant has NO right of appeal.”  The
certification also states that Appellant waived his right to appeal and is
signed by Appellant and his counsel.

            Appeals
from misdemeanor convictions based on plea bargained guilty or nolo
contendere pleas followed by the trial court are governed by Texas Rule of
Appellate Procedure 25.2(a)(2).  Webb v. State, No.
02–02–00432–CR, 2003 WL 21666630, at *1 (Tex. App.—Fort Worth July 17, 2003,
pet. ref’d) (mem. op., not designated for publication).  Rule 25.2(a)(2) limits
the right to appeal in a plea bargain case to those matters that were raised by
a written motion filed and ruled on before trial or those matters for which the
trial court has given permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  The limitation on the right to appeal extends to
complaints relating to a trial court’s ruling on a motion for new trial.  See
Whitfield v. State, 111 S.W.3d 786, 788-89 (Tex. App.–Eastland 2003,
pet. ref’d) (dismissing appeal from plea bargained felony case in which
appellant had not obtained permission to appeal denial of motion for new
trial).

Here,
Appellant’s complaint relates to the trial court’s failure to grant his motion
for new trial.  However, the record does not show that Appellant obtained the
trial court’s permission to appeal any issues relating to the motion for new
trial.  Therefore, the record furnished in this proceeding supports the trial
court’s certification that this is a plea bargain case and Appellant has no
right to appeal.  Accordingly, the appeal is dismissed.[3]

 

 

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

 

Opinion delivered January 13, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] 
“A defendant may voluntarily and intelligently waive in writing the right to
counsel.”  Tex. Code Crim. Proc. Ann.  art.
1.051 (Vernon Supp. 2009).  But in an adversary judicial proceeding that may
result in punishment by confinement, the state’s attorney may not initiate or
encourage an attempt to obtain from a defendant who is not represented by
counsel a waiver of his right to counsel.  Id. art. 1.051(f-1)(1)
(Vernon Supp. 2009).  Appellant asserted in his motion for new trial that the
prosecutor violated this prohibition.

 





[2] 
Although the trial court’s docket sheet contains a notation that the trial
court “denied Mtn. for New Trial,” the record contains no written order denying
the motion.  Therefore, we assume that no such order exists and consider the
motion overruled by operation of law.  See Tex. R. App. P. 21.8 (“A motion [for new trial] not . . .
ruled on by written order [within seventy-five days after imposing or suspending
sentence in open court] will be deemed denied when [that time period]
expires.”).

 





[3] 
Because the record supports the trial court’s certification that this is a plea
bargain case and Appellant has no right to appeal, we need not address the
portion of the certification stating that Appellant waived the right to appeal.