

**In The**

# 𝔉ourteenth 𝔠ourt of 𝔄ppeals

---

### NO. 14-15-00431-CR

---

**TATRON  JAFAR WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1431281**

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of assault of a family member, second offender. After the verdict, appellant and the State entered into an agreement as to sentencing. In accordance with the terms of the agreement, the trial court sentenced appellant to six years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We dismiss the appeal.

The trial court entered certifications of the defendant's right to appeal in which the court certified that appellant waived his right of appeal. *See* Tex. R.

App. P. 25.2(a)(2). The trial court's certification is included in the records on appeal. *See* Tex. R. App. P. 25.2(d). The records support the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Appellant's waiver reflects that he entered into an agreement with the State after a jury found him guilty. Appellant waived his right of appeal knowing with certainty the punishment that would be assessed. *See Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000) (holding waiver of right to appeal is valid if appellant knows with certainty the punishment that will be assessed).

Appellant filed a motion for new trial in which he alleges his plea was not voluntarily made. The voluntariness of a plea cannot be raised on direct appeal from a plea-bargained felony conviction. *Cooper v. State*, 45 S.W.3d 77 (Tex. Crim. App. 2001). A motion for new trial may not be used to circumvent *Cooper*. *Whitfield v. State*, 111 S.W.3d 786 (Tex. App.—Eastland 2003, pet. ref'd).

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b)