Dexter Levon THEUS, Appellant

v.

The STATE of Texas, Appellee

NO. 14–15–01001–CR, NO. 14–15–01002–CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 7, 2017.

Clinton Morgan, Houston, TX, for The State of Texas.

Kurt B. Wentz, Houston, TX, for Appellant.

Panel consists of Justices Jamison, Wise, and Jewell.

## OPINION

Martha Hill Jamison, Justice

Pursuant to a plea agreement with the State, appellant Dexter Levon Theus pleaded guilty to the offenses of aggravated robbery with a deadly weapon and felon in possession of a weapon. Under the terms of the plea agreement, appellant received the minimum sentence: twenty-five-year sentences as to each charge to run concurrently. Appellant also waived his right to appeal. The trial court prepared and signed a certification of the right to appeal stating appellant had no right to appeal.

After the trial court accepted the plea agreement and assessed appellant's punishment, appellant filed a motion for new trial in which he alleged that he "did not have the mental[ ] capability to make a decision to plea to his case" due to his medical condition at the time he pleaded guilty, thus rendering his pleas involuntary. The trial court denied the motion.

Appellant filed a timely notice of appeal. Because appellant waived his right to appeal and the trial court certified that appellant did not have the right to appeal, we conclude that we do not have jurisdiction over this appeal.

A defendant who accepts punishment under a plea agreement is limited to appealing pretrial rulings on written mo-

tions unless the trial court grants permission to appeal. Tex. R. App. P. 25.2(a)(2). When an appellant waives his right of appeal to secure the benefits of a plea agreement, a subsequent notice of appeal fails to "initiate the appellate process." *See Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014). Voluntariness of a guilty plea from a plea-bargained, felony conviction may not be raised on appeal.[1] *Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001).

■ Appellant's notice of appeal, coming after entry of a plea bargain agreement and his waiver of the right to appeal, did not trigger this court's jurisdiction. *See id.; see also Woods v. State*, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003) (holding appellate court may not review claims of involuntary plea and ineffective assistance of counsel arising from plea bargain when claims do not conform to requirements of rule 25.2); *Whitfield v. State*, 111 S.W.3d 786, 789–90 (Tex. App.–Eastland 2003, pet. ref'd) (concluding defendant could file motion for new trial to contest voluntariness of his plea-bargained conviction and allege ineffective assistance of counsel in the trial court, but he could not then appeal adverse decision on motion for new trial).

We dismiss this appeal for want of jurisdiction.

---

1. The waiver of the right to appeal did not waive appellant's right to file a motion for new trial, which gave the trial court an opportunity to reconsider the proceedings and correct any errors. *See Lundgren*, 434 S.W.3d at 599–600. Appellant also can raise his voluntariness claim in a habeas petition. *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001).