

NUMBER 13-17-00550-CR

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

SAMMIE LEE REVIS,                                                        Appellant

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 130th District Court
of Matagorda County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant Sammie Lee Revis attempts to appeal a conviction for aggravated sexual assault of a child. The trial court has certified that "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

On October 19, 2017, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether

appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification. After abatement, appellant's counsel filed a motion in support of appellant's right to appeal. Appellant argues that he did not enter a plea agreement voluntarily "because he was denied effective assistance of counsel" and "he also could not voluntarily waive his right to appeal." Appellant contends that there is "no prohibition on the filing or granting of a [m]otion for [n]ew [t]rial." The State has filed a response to appellant's motion in which it contends, inter alia, that appellant fails to cite any authority in support of the right to appeal and that appellant's procedural remedy for the alleged wrong is to file an application for writ of habeas corpus rather than pursue a direct appeal.

We conclude that appellant has not established (1) that the certification currently on file with this Court is incorrect, or (2) that appellant otherwise has a right to appeal. We agree with appellant that the waiver of the right to appeal did not waive appellant's right to file a motion for new trial. *See Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014). As the court of criminal appeals explained:

> The authority for a defendant to appeal can be found in Article 44.02 of the Texas Code of Criminal Procedure and Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). Motions for new trial are addressed in Rule 21 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 21. And while it is true that appeals and motions for new trial are both organizationally located in the section "Appeals from Trial Court Judgments and Orders" of the Texas Rules of Appellate Procedure, the topics are addressed in separate rules and are handled differently.

2

For example, in some cases, Rule 21.2 specifically contemplates that a motion for new trial is a prerequisite to presenting an issue on appeal. TEX. R. APP. P. 21.2 ("A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts in the record."). In addition, although motions for new trial and notices of appeals are both filed at the trial-court level, only a trial court can grant or overrule a motion for new trial (unless the motion is overruled by operation of law) and only an appellate court can render judgment on appeal. *See* TEX. R. APP. P. 21.1 (defining new trial as the "rehearing of a criminal action after the trial court has ... set aside a finding or verdict of guilt"), 43.2 (delineating the types of judgments a court of appeals may enter when considering an appeal from a trial court judgment). Moreover, when a motion for new trial is filed, the trial court has the opportunity to reconsider the proceedings and to correct any errors it may agree occurred in the defendant's trial by setting aside the defendant's finding or verdict of guilt or sentencing. *See* TEX. R. APP. P. 21.1, 21.9(a). In contrast, an appeal is an opportunity for a defendant to argue to a different tribunal that his conviction was flawed despite the trial judge's or jury's conclusion to the contrary. *See* BLACK'S LAW DICTIONARY 118 (10th ed.2014) (defining "appeal" as "[t]o seek review (from a lower court's decision) by a higher court....").

In sum, although the word "appeal" could be used colloquially to refer to a motion for new trial or a notice of appeal in the sense that both procedural mechanisms serve a review function, we hold that motions for new trial and appeals are sufficiently different that an appellate waiver will not waive a defendant's right to file a motion for new trial.

*Id.* at 599–600 (footnotes omitted). However, while appellant could file a motion for new trial to complain about his plea to the trial court, he cannot then appeal the trial court's determination to this Court because the decision would be subject to appellant's waiver of appeal. *See Woods v. State,* 108 S.W.3d 314, 316 (Tex. Crim. App. 2003) (stating that an appellate court may not review a claim of an involuntary plea and ineffective assistance of counsel arising from a plea bargain where the claims do not conform to the requirements of rule 25.2); *Whitfield v. State,* 111 S.W.3d 786, 789–90 (Tex. App.— Eastland 2003, pet. ref'd) (concluding that a defendant could file a motion for new trial to contest the voluntariness of his plea-bargained conviction and allege ineffective

3

assistance of counsel, but he could not then appeal an adverse decision on his motion for new trial); *see also Zendejas v. State*, No. 05-16-00848-CR, 2016 WL 6078569, at *2 (Tex. App.—Dallas Oct. 17, 2016, no pet.) (mem. op., not designated for publication) (same).

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4. Accordingly, we DENY appellant's motion and we DISMISS this appeal.

GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of March, 2018.