

**NUMBER 13-17-00463-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

ALEJANDRO GUERRA,                                                    Appellant,

**v.**

THE STATE OF TEXAS,                                                  Appellee.

**On appeal from the 332nd District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION
**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant Alejandro Guerra attempts to appeal his conviction for attempt to commit sexual performance of a child under fourteen years of age, a second-degree felony. *See* TEX. PENAL CODE ANN. § 43.25(C) (West, Westlaw through 2017 1st C.S.). Pursuant to a plea bargain for the lesser included offense Guerra was convicted for, the trial court has

certified that "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

Guerra went to trial on the charged offense of sexual performance of a child under fourteen years of age, a first-degree felony. *See* TEX. PENAL CODE ANN. § 43.25(c). During jury deliberations, Guerra alleges that the trial court met with defense counsel and the State in chambers and told them the jury was split in favor of guilt. Guerra then requested his counsel approach the State about a plea bargain agreement, to which the State agreed. Guerra pleaded guilty to the lesser offense of attempt to commit sexual performance by a child, was admonished by the trial court, agreed his plea was given freely and voluntarily, and was sentenced to five years deferred adjudication probation. *See id.* As part of the plea bargain agreement, Guerra waived his right to appeal. Following his plea bargain and sentencing, Guerra alleges his defense counsel was told the jury was split in favor of not guilty. Guerra filed a motion for new trial stating that he was forced to plead guilty and his plea was involuntary. The trial court held a hearing on Guerra's motion for new trial, listening to argument from counsel, and denied the motion.[1] The trial court filed a certification on Guerra's right to appeal and stated he had waived his right due to the plea bargain. However, appellate counsel was appointed and this appeal followed.

---

[1] Although Guerra and his trial counsel executed affidavits that were attached to the amended motion for new trial, they were not submitted as evidence nor was any additional evidence supporting the allegations submitted during the motion for new trial hearing. All that was presented at that hearing was the arguments of counsel.

On September 22, 2017, this Court notified Guerra's appellate counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether Guerra has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification. Additionally, the trial court issued findings of fact and conclusions of law regarding the procedural history of Guerra's case and also made a finding that it does not believe Guerra has a right to appeal.

After abatement, Guerra's counsel filed a motion in support of Guerra's right to appeal. Guerra argues that: (1) his plea was involuntary based on misrepresentations from the trial judge; and (2) he did not knowingly waive his right to appeal based on improper admonishments by the trial court. The State has filed a response to Guerra's motion in which it contends, inter alia, that by freely and voluntarily pleading guilty to the lesser offense, Guerra has waived his right to appeal due to the agreement.

We conclude that Guerra has not established (1) that the certification currently on file with this Court is incorrect, or (2) that Guerra otherwise has a right to appeal. We agree that Guerra's waiver of the right to appeal did not waive Guerra's right to file a motion for new trial, which occurred and was denied by the trial court. *See Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014). As the court of criminal appeals explained:

> The authority for a defendant to appeal can be found in Article 44.02 of the Texas Code of Criminal Procedure and Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). Motions for new trial are addressed in Rule 21 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 21. And while it is true that appeals and motions for new trial are both organizationally located in the section "Appeals from Trial Court Judgments and Orders" of the Texas Rules of

Appellate Procedure, the topics are addressed in separate rules and are handled differently.

For example, in some cases, Rule 21.2 specifically contemplates that a motion for new trial is a prerequisite to presenting an issue on appeal. *Id.* 21.2 ("A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts in the record."). In addition, although motions for new trial and notices of appeals are both filed at the trial court level, only a trial court can grant or overrule a motion for new trial (unless the motion is overruled by operation of law) and only an appellate court can render judgment on appeals. *See id.* 21.1 (defining new trial as the "rehearing of a criminal action after the trial court has. . . set aside a finding or verdict of guilt."), 43.2 (delineating the types of judgments a court of appeals may enter when considering an appeal from a trial court judgment). Moreover, when a motion for new trial is filed, the trial court has the opportunity to reconsider the proceedings and to correct any errors it may agree occurred in the defendant's trial by setting aside the defendant's finding or verdict of guilt or sentencing. *See id.* 21.1, 21.9(a). In contrast, an appeal is an opportunity for the defendant to argue to a different tribunal that his conviction was flawed despite the trial judge's or jury's conclusion to the contrary. *See* BLACK'S LAW DICTIONARY 118 (10th ed. 2014) (defining "appeal" as "[t]o seek review (from a lower court's decision) by a higher court. . . .").

In sum, although the word "appeal" could be used colloquially to refer to a motion for new trial or a notice of appeal in the sense that both procedural mechanisms serve a review function, we hold that motions for new trial and appeals are sufficiently different that an appellate waiver will not waive a defendant's right to file a motion for new trial.

*Id.* at 599–600 (footnotes omitted). However, while Guerra could file a motion for new trial to complain about his plea to the trial court, he cannot then appeal the trial court's determination to this Court because the decision would be subject to Guerra's waiver of appeal. *See Woods v. State*, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003) (stating that an appellate court may not review a claim of an involuntary plea arising from a plea bargain where the claims do not conform to the requirements of rule 25.2); *see also Whitfield v. State*, 111 S.W.3d 786, 789–90 (Tex. App.—Eastland 2003, pet. ref'd).

4

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right to appeal. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4. Accordingly, we overrule Guerra's issue, and we DISMISS this appeal for want of jurisdiction.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
19th day of April, 2018.