**DISMISS and Opinion Filed March 2, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01588-CR**

**ABEL RIVAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-59242-M**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Abel Rivas entered a negotiated plea of guilty to burglary of a building. Under the terms of the plea bargain, adjudication of appellant's guilt was deferred and he was placed on community supervision for three years. The trial court prepared and signed a certification of the right to appeal stating "this is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial" and appellant had the right to appeal. Appellant filed a pro se notice of appeal and was appointed counsel.

Counsel filed an *Anders* brief. Although appellant was notified of the brief and informed of his right to file a pro se response, he did not do so. After further review of the clerk's record, the Court had questions concerning its jurisdiction and sent counsel a letter requesting letter briefs addressing whether the Court has jurisdiction over the appeal. Appellant's counsel did not file a response; however, the State filed a letter brief agreeing that the Court does not have jurisdiction.

Rule 25.2(a)(2) provides that in a plea-bargained case—one in which the trial court assesses punishment that does not exceed the punishment to which the defendant agreed—the defendant may appeal only (1) those matters raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, or (3) if the appeal is specifically authorized by statute. *See* TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014); *Theus v. State*, 524 S.W.3d 765, 766 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Here, the clerk's record shows no written pretrial motions were filed or ruled on by the court. Appellant did not receive the trial court's permission to appeal and there is no specific statutory authorization that would authorize an appeal in this case. Finally, during the November 15, 2019 plea hearing, the trial court admonished appellant:

> You have entered into a plea bargain agreement with your attorney and the attorney for the State. That agreement is not binding on this Court. Meaning, if I see just cause, I do not have to follow the agreement. If I follow the plea bargain agreement, you waive your right to appeal this matter without my permission; do you understand?

Appellant responded that he understood.

The appellate record shows appellant waived his right to appeal in exchange for the State's recommendation of three years deferred adjudication and that the trial court followed the plea bargain agreement. Under these circumstances, we have no jurisdiction over the appeal or any outstanding motions and must dismiss without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss this appeal for want of jurisdiction.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
191588F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ABEL RIVAS, Appellant

No. 05-19-01588-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-59242-M. Opinion delivered by Justice Goldstein. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered March 2, 2021