**Motion to Dismiss Granted; Appeal Dismissed and Memorandum Opinion filed May 2, 2023.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-22-00442-CR

**TYQUAN DENNIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 482nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1682803**

## MEMORANDUM OPINION

Appellant was charged with aggravated robbery with a deadly weapon. The record before this court contains two certifications of the defendant's right of appeal.

On May 4, 2022, Appellant signed a judicial confession and agreed to waive any right of appeal in exchange for the State giving up its right to a jury trial. The first certification contained in the record was signed by the trial court on May 4,

2022, and states that this is a plea bargain case and that the defendant has no right of appeal. The judgment, signed May 26, 2022, states "APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED." However, the record also contains a second certification signed by the trial court on June 16, 2022, stating that this is not a plea bargain case and the defendant has the right of appeal.

On October 25, 2022, we granted the State's motion to abate this appeal for a corrected certification of the defendant's right of appeal. In accordance with our October 25, 2022 order, the trial court conducted a hearing and a record of that hearing has been filed in this court. The trial court found the second certification, signed on June 16, 2022, "was signed in error." Further, the trial court found as follows:

> The Court has no record or recollection of this document having been presented and the Court finds that it made no exception to the initial paperwork that was filed on May the 4th of 2022 reflecting that Mr. Dennis had knowingly, voluntarily, and intelligently waived his right of appeal being that the case was a plea bargain and he had no right of appeal.
>
> The Court concludes that Mr. Ty'Quan Dennis, on May the 4th of 2022, present before the Court, did knowingly, voluntarily, and intelligently waive his right of appeal.
>
> The Court also concludes that the State of Texas, in providing a benefit to Mr. Dennis such as dismissing the case -- an additional case that was pending before the Court, and not going forward with the right to a jury trial, was a benefit provided to Mr. Dennis and, therefore, this was a plea bargain with sentencing done by the Court.

Appellant's testimony from the hearing also reflects that he pleaded guilty to have "a chance of getting probation." In exchange for Appellant's waiver of his right to appeal, the State consented to Appellant's waiver of his right to jury trial. Courts previously have held that such a waiver is valid if there was consideration. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte*

2

*Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Lopez v. State*, 595 S.W.3d 897, 900 (Tex. App.—Houston [14th Dist.] 2020).  Accordingly, the record reflects we lack jurisdiction over this appeal.  *See, e.g.*, *Theus v. State*, 524 S.W.3d 765, 766 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Appellant's notice of appeal, coming after entry of a plea bargain agreement and his waiver of the right to appeal, did not trigger this court's jurisdiction.").

On December 20, 2022, we issued an order reinstating the appeal.  The order states that "[t]he appeal is subject to dismissal without further notice for want of jurisdiction unless appellant demonstrates, within 21 days of this letter, that the court has jurisdiction."  Appellant filed a response to the court's December 20, 2022 order.  The response does not demonstrate any grounds supporting an exercise of our jurisdiction with respect to this appeal.

The State also filed a motion to dismiss, asserting that we lack jurisdiction because the record reflects that Appellant has no right of appeal.  For the reasons delineated above, we grant the State's motion and dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel Consists of Justices Jewell, Bourliot, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).